# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF GEORGIA

# SAVANNAH DIVISION

| | | |
|---|---|---|
| CRAIG R. SUMTER, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | Case No. CV416-148 |
| LEONARD SUMTER, JR.; GLORIA SUMTER; I.B BROWNLOW; JOHN DOE, | ) ) ) ) | |
| Defendants. | ) ) | |

## REPORT AND RECOMMENDATION

Craig Sumter, an incarcerated *pro se* plaintiff,[1] has filed a 42 U.S.C. § 1983 Complaint against two relatives and his former attorney in a long-concluded state criminal proceeding. Preliminary review[2] shows that it must be dismissed.

---

[1] As of July 15, 2016, Sumter resided at Wheeler Correctional Facility in Alamo, Georgia. *See* doc. 4 at 1. The Court's own search of the Georgia Department of Corrections' Inmate Locator, however, reveals no inmate past or present by that name. Technical issues with the GDOC's website may be responsible for that discrepancy, or Sumter could inexplicably have fabricated his incarceration. Regardless, the Court's recommendation remains unaffected as discussed below.

[2] The Prison Litigation Reform Act (PLRA) requires federal courts to conduct early screening of all suits filed by prisoners or detainees for the purpose of identifying claims that are subject to immediate dismissal because they are frivolous or malicious, fail to state a claim for relief, or seek monetary damages from a defendant who is immune from such relief. 28 U.S.C. § 1915A (which applies to prisoner/detainee

In *2007*, "Mr. and Mrs. Sumter hired Mr. Brownlow" to represent plaintiff in a state criminal case. Doc. 6-1 at 2. For various reasons unimportant here, plaintiff was and is extremely dissatisfied with Brownlow's representation and the Sumters' alleged efforts to conspire with him against plaintiff. *See id.* at 2-4. Suffice it to say, plaintiff believes those three trampled his constitutional rights during and after the state proceeding, which, construing the Complaint liberally, concluded long ago (plaintiff's current incarceration resulted from more recent charges, *see id.* at 7). *Id.* at 2-4. Sumter believes he's innocent of the charges (something along the lines of vehicular homicide, it appears) and seeks monetary relief from all defendants. *Id.* at 4.

This case is dead on arrival. First, plaintiff may not employ § 1983 as a vehicle to attack a state criminal conviction, since "a prisoner in state

---

complaints against governmental entities or officials, whether plaintiff is proceeding IFP or has paid the filing fee); 28 U.S.C. § 1915(e)(2)(B) (imposing the same dismissal obligation as to any case filed IFP, whether by a prisoner/detainee or any other "person"); 42 U.S.C. § 1997e(c)(1) (imposing the same dismissal obligation as to "any action brought with respect to prison conditions"). On initial screening of a prisoner complaint, only "cognizable claims" may be allowed to proceed. 28 U.S.C. § 1915A(b). All three statutory provisions contemplate the dismissal of non-cognizable claims prior to service of process upon any defendant. § 1915A (requiring screening "before docketing if feasible or . . . as soon as practicable after docketing"); § 1915(e)(2) (requiring dismissal "at any time" the court determines the suit to be factually or legally insubstantial); § 1997e(c)(1) (requiring dismissal of insubstantial claims on the court's "own motion").

custody cannot use a § 1983 action to challenge the fact or duration of his confinement. . . . He must seek federal habeas corpus relief (or appropriate state relief) instead." *Wilkinson v. Dotson*, 544 U.S. 74, 78 (2005) (quotes and cites omitted); *Heck v. Humphrey*, 512 U.S. 477, 481 (1994) ("[H]abeas corpus is the exclusive remedy for a state prisoner who challenges the fact or duration of his confinement and seeks immediate or speedier release, even though such a claim may come within the literal terms of § 1983."); *Cooks v. Sec'y, Fla. Dep't of Corr.*, 599 F. App'x 940, 941 (11th Cir. 2015) (district courts must "'ensure that state prisoners use only habeas corpus (or similar state) remedies when they seek to invalidate the duration of their confinement -- either directly through an injunction compelling speedier release or indirectly through a judicial determination that necessarily implies the unlawfulness of the State's custody.'") (quoting *Wilkinson*, 544 U.S. at 81); *Harris v. Purvis*, 2015 WL 3439857 at * 1 (S.D. Ga. May 27, 2015).

Plaintiff says he only seeks money, but his claims necessarily imply the invalidity his state convictions.³ To grant relief, then, the Court

---

³ Plaintiff apparently was involved in a 2007 car accident that killed a pedestrian and

3

would have to make findings that "indirectly . . . impl[y] the unlawfulness of the State's custody." *Wilkinson*, 512 U.S. at 481. Plaintiff may not use § 1983 to accomplish that goal, even if he only requests money. Habeas is his only option.[4]

Second, the Complaint is untimely by many years. As a higher court has explained:

---

led to his criminal charges. *See* doc. 6-1 at 2. He says that "Brownlow [and the Sumters conspired] to fabricate a scenario in which Plaintiff ran a red-light just before hitting the pedestrian." *Id.* Based on that "fabricated event," plaintiff pled guilty. *Id.*

One year later, at a "sentence modification hearing," the Sumters allegedly "coordinated their efforts with Dekalb County ADA Jill Polster to pass off this false red-light to defame Plaintiff." Doc. 6-1 at 2. While "awaiting [a] pre-trial hearing," plaintiff learned that the accident victim was drunk and high, though the Sumters and Brownlow allegedly prevented (somehow) the sentencing court from considering that information. *Id.* at 3-4. Adding insult to injury, plaintiff also believes the Sumters lured his younger sister into deleting his social media account which, he insists, contained exculpatory evidence.

For the Court to award plaintiff damages, it would have to credit plaintiff's version of events. Put differently, it would have to acknowledge that a state criminal conviction rested on fabricated events, destroyed evidence, and outright lies, all of which obviously would undermine the validity of the conviction.

[4] Before plaintiff can bring a federal habeas action, he must first exhaust his available state remedies through either a direct appeal or a petition for collateral relief. *Wilkinson*, 544 U.S. at 79 (federal "habeas corpus actions require a petitioner fully to exhaust state remedies, which § 1983 does not"); 28 U.S.C. § 2254(b), (c). If he wishes to proceed via habeas corpus, he must submit a separate petition in compliance with the applicable rules. Such a petition, however, would be subject to immediate dismissal for lack of exhaustion of his available state remedies, not to mention untimeliness.

4

> Federal courts look to state law to determine the applicable statute of limitations for actions brought pursuant to . . . § 1983. *Rozar v. Mullis*, 85 F.3d 556, 561 (11th Cir. 1996). In Georgia, the applicable statute of limitations for personal injury actions is two years. O.C.G.A. § 9-3-33. To determine when the cause of action accrues, we look to when the plaintiff knew or should have known of his injury and its cause. *Rozar*, 85 F.3d at 561–62.

*Hammonds v. Mark Shellnut*, 399 F. App'x 540, 540 (11th Cir. 2010); *Lofton v. Williams*, 2016 WL 4147155 at * 4 n. 7 (S.D. Ga. Aug. 3, 2016).

Plaintiff complains about events that took place from 2007 to, at most, approximately 2010. *See* doc. 6-1 at 2-5. At best, then, his Complaint is about six years too late. Since plaintiff offers no reason at all for the delay, that also supports dismissal.

Given the sheer frivolity of the Complaint, it must be **DISMISSED WITH PREJUDICE** and a re-pleading option is not warranted. *Dysart v. BankTrust*, 516 F. App'x 861, 865 (11th Cir. 2013) ("[D]istrict court did not err in denying Dysart's request to amend her complaint because an amendment would have been futile. Also because of its frivolity, this case should be recorded as a "strike" under 28 U.S.C. § 1915(g), assuming that plaintiff in fact remains incarcerated.

Meanwhile, it is time for plaintiff to pay his filing fee. His

furnished PLRA[5] paperwork reflects $150.00 in average monthly deposits and a $0.00 average monthly balance over the six month period prior to the date of his Prison Account Statement. Doc. 4 at 1. He therefore owes an initial partial filing fee of $30.00. *See* 28 U.S.C. § 1915(b)(1) (requiring an initial fee assessment "when funds exist," under a specific 20 percent formula). Plaintiff's custodian shall set aside 20 percent of all future deposits to his account, then forward those funds to the Clerk each time the set aside amount reaches $10.00, until the balance of the Court's $350.00 filing fee has been paid in full.

Also, the Clerk is **DIRECTED** to send this R&R to plaintiff's account custodian immediately, as this payment directive is nondispositive within the meaning of Fed. R. Civ. P. 72(a), so no Rule 72(b) adoption is required. In the event plaintiff is transferred to another institution, his present custodian shall forward a copy of this R&R and all financial information concerning payment of the filing fee and costs in this case to plaintiff's new custodian. The balance due from the plaintiff shall be collected by the custodian at his next institution in

---

[5] The Prison Litigation Reform Act ("PLRA") requires the incremental collection of the filing fee from detainees who are allowed to proceed IFP. 28 U.S.C. § 1915(b), (h).

accordance with the terms of this R&R.

**SO REPORTED AND RECOMMENDED**, this <u>  10th  </u> day of August, 2016.

_____
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA